IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANEA ISRAEL | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:07cv500HSO-JMR |
| | § | |
| KEEVIN TAYLOR & WORLD | § | DEFENDANTS |
| TROPIC PRODUCTIONS | § | |

**ORDER AND REASONS GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion for Summary Judgment [17] pursuant to FED. R. CIV. P. 56, filed on April 3, 2008, on behalf of Plaintiff Danea Israel, in the above captioned cause. Defendants have not responded to the instant Motion, and it is therefore unopposed. After due consideration of the Motion and the relevant law, it is the opinion of the Court that Plaintiff has shown she is entitled to summary judgment.

I. FACTS AND PROCEDURAL HISTORY

In December 2003, Danea Israel filed a civil lawsuit against Defendants Keevin Taylor and World Tropic Productions, Inc., in Civil Action No. 1:03cv965LG-RHW. In January 2006, Plaintiff accepted Defendants' offer of a settlement. The settlement was reduced to a writing entitled "Receipt, Release and Settlement Agreement." On February 13, 2006, this Court entered an Order of Dismissal.

The above captioned cause was filed on March 28, 2007. In the instant Motion, Plaintiff contends that Defendants breached the earlier settlement agreement by failing to make payments in accordance with the terms of the settlement agreement.

Defendants' Response to the instant Motion was due on or before April 18, 2008. On April 21, 2008, the Court issued an Order to Show Cause requiring Defendants to either file a Response to Plaintiff's Motion or show cause why the Court should not grant the Plaintiff's Motion and enter judgment in her favor. To date, Defendants have not responded.

## II. DISCUSSION

A.  Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the

summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp.2d at 543.

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.        Plaintiff's Contract Claim

Plaintiff's Complaint asserts a single claim for breach of the settlement contract that was executed in connection with resolving Civil Action No. 1:03cv965LG-RHW. Plaintiff contends that not only were Defendants represented by counsel, it was through their counsel that the offer to settle was presented, and later accepted by Plaintiff. Plaintiff's Motion for Summary Judgment asserts that there are no genuine issues of material fact to present at trial; therefore she is entitled to judgment as a matter of law.

The Supreme Court of Mississippi has stated that questions regarding the construction and interpretation of contracts are questions of law. *See Warwick v. Gautier Utility District,* 738 So. 2d 212, 214 (Miss. 1999). If the language of the release or contract "is clear, definite, explicit, harmonious in all its provisions, and free from ambiguity throughout" the court looks to the instrument itself as written. *See Farragut v. Massey*, 612 So. 2d 325, 329 (Miss. 1992)(*citing Sumter Lumber Co. v. Skipper*, 184 So. 296, 298-99 (1938). "Under Mississippi law, where the contract is not ambiguous, the intention of the contracting parties should be gleaned solely from the wording of the contract." *Turner v. Terry,* 799 So. 2d 25, 32 (Miss. 2001) (*quoting Heritage Cablevision v. New Albany Elec. Power Sys.*, 646 So. 2d 1305, 1312 (Miss. 1994)). In the present case, examination of the settlement agreement reveals that the language is clear and unambiguous. *See* Ex. "B" to Pl.'s Mot. for Summ. J.

In order to establish a breach of contract claim, a plaintiff must prove (1) the existence of a valid and binding contract; (2) that the defendants have broken, or breached

it; and, (3) that the plaintiff has been thereby damaged monetarily. *See Favre Property Management, LLC v. Cinque Bambini,* 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004) *(citing Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992)).

In the present case, the Receipt, Release and Settlement Agreement is a valid contract that is clear and unambiguous on its face. The undisputed evidence demonstrates that Defendants breached this agreement by failing to abide by the terms of payment, thereby damaging Plaintiff.

### III. CONCLUSION

The summary judgment evidence submitted by Plaintiff shows that Defendants have wholly failed to abide by the terms of the settlement agreement. Because Defendants have provided no evidence creating a genuine issue of material fact, Plaintiff is entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [17] of Plaintiff Danea Israel, for Summary Judgment filed on April 3, 2008, pursuant to FED. R. CIV. P. 56, should be and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED**, this the 8th day of May, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE